RALPH ROGARI (SBN 139422)
ROGARI LAW FIRM
12400 Wilshire Boulevard, Suite 230
Los Angeles, CA 90025
(310) 866-6935

Attorneys for plaintiff, Jack Foster

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK FOSTER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DAVID BREWER, an individual;<br>A NGUYEN, an individual;<br>ALYSSA BOSTROM, an individual;<br>CRAIG BREZECXKOWSKI, an individual; DOES 1 - 50, inclusive.<br><br>　　　　　Defendants.<br>_____ | CASE NO: 24 CV 1275<br><br>COMPLAINT FOR DAMAGES<br><br>1. Violation of Civil Rights.<br>2. State Law Claims<br>　A. Negligence<br>　B. Intentional Infliction of<br>　　　Emotional Distress<br>　C. Violation of Bane Act<br>　D. Violation of Ralph Act<br><br>DEMAND FOR JURY TRIAL |

COMES NOW plaintiff JACK FOSTER and alleges as follows:

## JURISDICTION

Jurisdiction exists under 42 U.S.C. § 1983. On June 4, 2022, the defendants harmed plaintiff by acting under color of law to unreasonably detain, arrest and imprison him, thereby depriving plaintiff of rights, privileges, or immunities secured by the Fourth, Fifth, and Fourteenth amendments to the United States Consitution.

## THE PARTIES

1. Plaintiff Jack Foster is, and at all times relevant was, a citizen of the United States and a resident of Los Angeles County, California.

2. Defendant David Brewer is, and at all relevant times was, an individual, employed by the County of Los Angeles as a member of its sheriff's department. On information and belief, defendant Brewer was at all times relevant, and currently is, a resident of Los Angeles County, California.

3. Defendant A Nguyen is, at all relevant times was, an individual employed by the City of Pomona as a police officer. On information and belief, defendant Nguyen was at all times relevant, and currently is, a resident of Los Angeles County, California.

4. Defendant Alyssa Bostrom is, at all relevant times was, an individual employed by the City of Pomona as a police officer. On information and belief, defendant Bostrom was and is, a resident of Los Angeles County, California.

5. Defendant Craig Brzeczkowski is, at all relevant times was, an individual employed by the by the City of Pomona as a police officer. On information and belief, defendant Brzeczkowski was and is, a resident of Los Angeles County, California.

6. Plaintiff is unaware of the true names and capacities of the defendants sued as Does 1-50 and therefore sues them by those fictitious names. Plaintiff will amend this complaint to insert the true names and capacities of these Doe defendants when they are known to him. Plaintiff is informed and believes and upon such basis alleges that defendants sued as Does 1-50, and each of them, are the agents, employees and/or servants of their co-defendants, acted in the course and scope of their agency, employment and/or service, and are responsible in some fashion for the events, injuries and damages alleged in this complaint.

**ALLEGATIONS COMMON TO EACH CAUSE CAUSE OF ACTION**

7. On or about June 4, 2022, around 3:30 a.m. plaintiff Jacl Foster was in his vehicle on Val Vista Street in Pomona, CA performing neighborhood watch duties. He observed defendant David Brewer drive his Prius vehicle onto Val Vista Street a begin travelling in a westerly direction. Soon thereafter, defendant Brewer began driving his vehicle in an unsafe, dangerous and reckless manner. With a Mercedes vehicle travelling on the Val Vista Street behind him, defendant Brewer began repeatedly hitting the brakes of his vehicle forcing the Mercedes to abruptly hit his brakes to avoid striking Brewer's vehicle.

8. After the driver of the Mercedes began turning his car in an attempt to travel eastbound, defendant Brewer drove his Prius directly at the Mercedes. Defendant Brewer got out of his vehicle, took out a handgun and pointed it at the driver of the Mercedes. Plaintiff foster called 911 and reported to the Pomona police department what he had witnessed. He also began driving his vehicle away from the area where defendant Brewer had threatened the Mercedes driver, driving eastbound on Val Vista street.

9. As plaintiff Foster was doing so, defendant Brewer then drove his Prius up on the rear of plaintiff's vehicle and began tailing plaintiff. In fear for his life, plaintiff reported to the Pomona Police Department that defendant Brewer was tailing him eastbound on Val Vista. Defendant Brewer continued to tail plaintiff when he turned north onto White street, and defendant Brewer continued to tail plaintiff as he travelled north on White street. Plaintiff Foster continued to report to the Pomona PD that Brewer was continuing to tail him, and when he made a u-turn and began travelling south on White street, Brewer did the same. After plaintiff Foster travelled south on White street, Brewer continued to follow him

even after he made another u-turn to again head north on White street. The tailing continued as plaintiff travelled back up White street and continued when plaintiff made another u-turn to again travel south on White street. Plaintiff continued to report what was happening to Pomona PD and when he turned west onto Orange Grove Ave, defendant Brewer again followed. As plaintiff was travelling west on Orange Grove with defendant Brewer d still following behind him, the Pomona police department instructed plaintiff to pull over to the side of Orange Grove Ave.

## FIRST CAUSE OF ACTION
**(Violation of Civil Rights (42 U.S.C. § 1983) against all defendants.)**

10. Plaintiff incorporates by this reference the allegations of paragraphs through 9, inclusive.

11. At all material times, defendants were subject to 42 U.S.C. sections 1983, 1985, 1986, and 1988.

12. Unbeknownst to plaintiff at the time, shortly after he reported the conduct of defendant Brewer to the Pomona police department, defendant Brewer began conspiring with defendants A NGUYEN, CRAIG BREZECXKOWSKI, ALYSSA BOSTROM and Does 10-20, then active, on-duty police officers for the City of Pomona, to cover-up his misconduct by effectuating the unreasonable seizure and arrest of plaintiff.

13. At the time of the events described above, none of the defendants had a reasonable suspicion to detain, much less probable cause to arrest, plaintiff. All plaintiff did was what he had been trained to do as a neighborhood watch person — observe the misconduct of defendant Brewer with respect to both the driver of the Mercedes and himself, and report that conduct to the Pomona Police Department. Moreover, even

though defendant Brewer recklessly drove his car and pulled a gun on the driver of the Mercedes, and the followed plaintiff all around Pomona, no one in the Pomona police deparment took any action toward defendant Brewer.  Rather, after allowing defendant Brewer to recklessly tail him throughout Pomona, police officers A NGUYEN, CRAIG BREZECXKOWSKI and ALYSSA BOSTROM detained plaintiff, despite what he had reported to them, and their knowledge he was a well known, but black, neighborhood watch person.

14.    Then, pursuant to the agreement with defendant Brewer, a white off duty sheriff for the County of Los Angeles, and because plaintiff Foster was a black man, defendant NGUYEN had defendant BREZECXKOWSKI arrest Foster without a warrant.  A seizure and arrest that defendant BOSTROM then approved.

15.    In doing the acts alleged, defendants, and each of them, while acting under color of law, violated plaintiff's civil rights by subjecting him to an unnecessary and unreasonable seizure, detention, arrest and imprisonment in violation of his constitutional rights guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

16. As a direct result of the defendants' conduct, plaintiff has or will suffer permanent economic and non-economic damages including but not limited to: (a) severe mental anguish and psychological distress that contributed to an aggravation of his portal hypertension and led to massive gastrointestinal bleeding that almost killed him; (b) Great physical pain and sufferring; ( c) indignity, humiliation, shame, mortification and other injuries to plainff's physical, mental, emotional and nervous systems; (d) past, present and future cost of medical care; all in an amount not yet

ascertained, but which exceeds the minimum jurisdictional limits of this Court.

17. As a legal result of the violation of his civil rights, plaintiff has and will incur attorney's fees and costs.

18. Defendants' conduct as described herein was despicable and was committed maliciously, fraudulently and/or oppressively with the wrongful intention of injuring plaintiff and with a willful and conscious disregard of plaintiff's rights, justifying an award of punitive damages.

**SECOND CAUSE OF ACTION**
**(State law claims against defendant David Brewer and Does 1 through 5, inclusive.)**

19. Plaintiff incorporates by this reference the allegations of paragraphs through 9, inclusive.

**COUNT 1 --- Negligence**

20. At the times herein mentioned, defendant Brewer owed plaintiff a duty to operate his vehicle in a safe manner. Defendant Brewer's use of his Prius vehicle to follow plaintiff around Pomona, after his conduct with the driver of the Mercedes, was unsafe and reckless. It constituted a breach of his duty to plaintiff, and caused plaintiff to be in fear for his safety and well-being.

21. As a direct and foreseeable result of defendant Brewer's conduct, plaintiff has or will suffer permanent economic and non-economic damages including but not limited to: (a) Severe mental anguish and psychological distress that contributed to an aggravation of his portal hypertension and led to massive gastrointestinal bleeding that almost killed him; (b) Great physical pain and suffering; ( c) indignity, humiliation, shame, mortification and other injuries to plainff's physical,

mental, emotional and nervous systems; (d) past, present and future cost of medical care; all in an amount not yet ascertained, but which exceeds the minimum jurisdictional limits of this Court.

## COUNT 2 - Intentional Infliction of Emotional Distress

22. Defendant Brewer's conduct in repeatedly hitting the brakes while driving in front of the Mercedes vehicle, then driving right at that vehicle, exiting his vehicle, pulling a gun and pointing it at the driver of the Merceds was extreme, outrageous and unreasonable conduct.  Defendant Brewer's conduct in then directing his rage at plaintiff, tailing him throughout Pomona with his gun at the ready was also extreme, outrageous and unreasonable conduct.  Defendant Brewer's conduct in conspiring with the defendant Pomona police officers to have plaintiff arrested on account of his race, and his conduct in reporting to the Pomona police department that on June 4, 2022, plaintiff attempted to carjack his Prius automobile, a knowingly or recklessly false claim, was also extreme, outrageous and unreasonable conduct.

23. The conduct of defendant Brewer was done with the intent to cause, or with reckless disregard for the probability of causing, emotional distress.

24. As a result, Plaintiff sustained severe emotional distress resulting in physical manifestations, physical pain, emotional anguish, fear, anxiety, humiliation, embarrassment and other physical and emotional injuries, damages (both economic and non-economic) and permanent disability, in the past, present and future, for which this claim is made.

25. As a legal result of the violation of his civil rights, plaintiff has and will incur attorney's fees and costs.

26. Defendants' conduct as described herein was despicable and was committed maliciously, fraudulently and/or oppressively with the wrongful intention of injuring plaintiff and with a willful and conscious disregard of plaintiff's rights, justifying an award of punitive damages.

**COUNT 3  - Violation of Bane Act, Civil Code § 52.1**

27. Defendant Brewer intentionally interfered with, or attempted to interfere with, plaintiff's civil rights by threats, intimidation, or coercion. In addition to the misconduct previously alleged, defendant Brewer reported to the Pomona police department a knowingly false claim, or claim made with reckless disregard for the truth; specifically that on June 4, 2022, plaintiff attempted to carjack his Prius automobile.

28. The civil rights defendant Brewer interfered with, or attempted to interfere with by threat, intimidation, or coercion, were plaintiff's enjoyment of his right to be free from unreasonable detentions, seizures and arrests; rights secured by the Constitution or laws of the United States and this State.

29. As a direct and foreseeable result of defendant Brewer's conduct, plaintiff has or will suffer permanent economic and non-economic damages including but not limited to: (a) Severe mental anguish and psychological distress that contributed to an aggravation of plaintiff's portal hypertension and led to massive gastrointestinal bleeding that almost killed him; (b) Great physical pain and sufferring; ( c) indignity, humiliation, shame, mortification and other injuries to plainff's physical, mental, emotional and nervous systems; (d) past, present and future cost of medical care; all in an amount not yet ascertained, but which exceeds the minimum jurisdictional limits of this Court.

30. As a legal result of the violation of his civil rights, plaintiff has

and will incur attorney's fees and costs.

31. Defendants' conduct as described herein was despicable and was committed maliciously, fraudulently and/or oppressively with the wrongful intention of injuring plaintiff and with a willful and conscious disregard of plaintiff's rights, justifying an award of punitive damages.

### COUNT 4 - Violation of Ralph Act, Civil Code § 51.7

32. Defendant Brewer committed acts of violence, or intimidated plaintiff by threat of violence, because plaintiff was a black man, in violation of Civil Code section 51.7.

33. To the extent that defendant Brewer did not personally engage in this conduct, he aided, abetted, or otherwise provided assistance and encouragement to the perpetrators of the conduct. In addition to the misconduct previously alleged, defendant Brewer reported to the Pomona police department a knowingly false claim, or claim made with reckless disregard for the truth; specifically that on June 4, 2022, plaintiff attempted to carjack his Prius automobile.

34. As a direct and foreseeable result of defendant Brewer's conduct, plaintiff has or will suffer permanent economic and non-economic damages including but not limited to: (a) Severe mental anguish and psychological distress that contributed to an aggravation of plaintiff's portal hypertension and led to massive gastrointestinal bleeding that almost killed him; (b) Great physical pain and sufferring; ( c) indignity, humiliation, shame, mortification and other injuries to plainff's physical, mental, emotional and nervous systems; (d) past, present and future cost of medical care; all in an amount not yet ascertained, but which exceeds the minimum jurisdictional limits of this Court.

35. As a legal result of the violation of his civil rights, plaintiff has and will incur attorney's fees and costs.

36. Defendants' conduct as described herein was despicable and was committed maliciously, fraudulently and/or oppressively with the wrongful intention of injuring plaintiff and with a willful and conscious disregard of plaintiff's rights, justifying an award of punitive damages.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

1. For general damages according to proof;
2. For special damages according to proof;
3. For reasonable attorneys fees;
4. For costs of suit;
5. For punitive damages;
6. For such other and further relief as the court deems proper. against the individual defendants;

Date: February 15, 2024                ROGARI LAW FIRM

By *Ralph Rogari*
RALPH ROGARI, Attorney for plaintiff, Jack Foster

DEMAND FOR TRIAL BY JURY

Plaintiff, Jack Foster demands a trial by jury.

Date: February 15, 2024                ROGARI LAW FIRM

By *Ralph Rogari*
RALPH ROGARI, Attorney for plaintiff, Jack Foster